# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.,

        Petitioner,               Case Number: 2:12-CV-14284

v.                                          HON. LAWRENCE P. ZATKOFF

RAYMOND BOOKER,

        Respondent.
                                              /

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Petitioner Robert Lee Childress, Jr., is a state inmate presently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, serving two concurrent state sentences. Upon completion of his state sentences, he will be released to federal custody to serve a 36-month term of imprisonment for violation of the terms of his supervised release. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his Federal sentence should run concurrent to his state court sentence. The Court dismisses the petition without prejudice because Childress has not complied with the exhaustion requirement.

### I.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily

any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions filed under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

**B.**

Childress pleaded guilty before the Honorable George Caram Steeh of making false statements in violation of 18 U.S.C. § 1014. On June 13, 2002, he was sentenced to 11 months in prison, to be followed by five years' supervised release. On September 30, 2010, the district court held a hearing on allegations that Childress violated his terms of supervised release related to his convictions for crimes in two Michigan counties while on supervised release. For those state court convictions, he received concurrent terms of imprisonment of 4-1/2 to 30 years in prison. The district court sentenced Childress to three years in prison, to run consecutively to his state sentences. Childress filed a notice of appeal in the court of appeals raising several sentencing claims. The court of appeals affirmed Childress's sentence. *United States v. Childress, Jr.,* No. 10-2307 (6th Cir. Feb. 8, 2012).

Childress then filed the pending petition. He challenges the "execution and manner in which his Federal sentence is to be served." Petition at 2.

**C.**

Section 2241, Title 28, provides an avenue for prisoners to challenge official action affecting execution of a sentence, such as the computation of sentence credits or parole eligibility. *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir.1999) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition."). A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28

U.S.C. § 2241. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-32 (6th Cir. 2006); citing *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir.2003). Childress has not alleged that he has presented his claims to the Bureau of Prisons in the first instance or exhausted available administrative remedies. Childress's claims are thus unexhausted and his petition must be dismissed.

**II.**

For the reasons stated, the Court concludes that Petitioner's claims are unexhausted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

**IT IS SO ORDERED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 20, 2012