UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.,

        Petitioner,                  Case Number: 2:12-CV-14284

v.                                       HON. LAWRENCE P. ZATKOFF

RAYMOND BOOKER,

        Respondent.
                                       /

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

Petitioner Robert Lee Childress, Jr., a state inmate presently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is serving two concurrent state sentences. Upon completion of his state sentences, he will be released to federal custody to serve a 36-month term of imprisonment for violation of the terms of his supervised release. In his petition, he argued that his Federal sentence should run concurrently with his state court sentences. The Court dismissed the petition without prejudice because Childress did not comply with the exhaustion requirement.

Petitioner has filed a notice of appeal. The Sixth Circuit Court of Appeals will not proceed with Petitioner's appeal until this Court rules on a certificate of appealability. The Court did not rule on a certificate of appealability (COA) at the time it dismissed the petition because, generally, a prisoner need not obtain a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, that are not challenging state court proceedings. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). *See also Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001) (a state prisoner must obtain a COA to appeal the denial of a habeas

petition filed under § 2241 "'whenever the detention complained of . . . arises out of process issued by a state court.'") quoting 28 U.S.C. § 2253(c)(1)(a).  Nevertheless, because it appears that the Sixth Circuit Court of Appeals awaits a COA ruling, the Court will address this issue.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003) (internal quotes and citations omitted).

The Court summarily dismissed the petition without prejudice on November 20, 2012, because Petitioner, who challenged the execution of his Federal sentence, failed to exhaust administrative remedies prior to filing his petition.  Recently, the Sixth Circuit Court of Appeals held that exhaustion in the context of a § 2241 petition is an affirmative defense and may not form the basis for dismissing a petition at the screening stage. *Luedtke v. Berkebile*, __ F.3d __, 2013 WL 163649, * 1 (6th Cir. Jan. 16, 2013).  Given the recent *Luedtke* decision, the Court finds reasonable jurists could debate whether the petition was properly dismissed for failure to satisfy the exhaustion requirement.

Accordingly, the Court GRANTS a certificate of appealability for the question whether the petition was properly dismissed for failure to exhaust administrative remedies.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                HON. LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: February 5, 2013